[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 25, 2001, the plaintiff, Thomas Halley, filed a complaint against defendants Village Park I Realty Company (Village Park), Carbetta Management Co. (Carbetta) and Stephen Rochette (Rochette). The complaint arises out of the plaintiff's lease of an apartment from Village Park. The plaintiff initially filed the complaint in the Superior Court, judicial district of New Haven, Housing Session at New Haven on February 6, 2001. On May 15, 2001, the court, Leavitt, J., granted the defendants' motion to transfer the case to the civil docket.
In the complaint, the plaintiff alleges that Village Park and Carabetta CT Page 17135 owned, maintained, managed and controlled an apartment complex known as Bella Vista I, located in New Haven, Connecticut. He further alleges that Rochette was an agent, servant and employee of Village Park and/or Carabetta.
The plaintiff alleges that on March 1, 2000, he entered into a lease with Village Park for a month-to-month tenancy in an apartment in Bella Vista I. The plaintiff resided in the apartment from March 1, 2000 until July 26, 2000, when he alleges that the defendants entered the apartment without his consent and demanded that he vacate the premises within twenty-four hours. The plaintiff further alleges that the defendants changed the locks to the dwelling and threatened him with arrest should he return to the premises. The plaintiff alleges that the defendants' actions deprived him of access to his dwelling and his personal property including his furniture, clothing and other items. The plaintiff additionally alleges that he was employed by defendant Carabetta some time preceding March 1, 2000 until July 26, 2000, when he was terminated by Rochette.
In counts one, seven and thirteen, the plaintiff asserts causes of action against Village Park, Carabetta and Rochette respectively for illegal entry and detainer in violation of General Statutes § 47a-43
(a). In counts two, eight and fourteen, the plaintiff asserts a claim for double damages against Village Park, Carabetta and Rochette respectively pursuant to General Statutes § 47a-46. In counts three, nine and fifteen, the plaintiff asserts causes of action against Village Park, Carabetta and Rochette respectively for unlawful entry pursuant to General Statutes § 47a-16. In counts four and ten, the plaintiff asserts causes of action against Village Park and Carabetta respectively for violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In counts five, eleven and sixteen, the plaintiff asserts causes of action against Village Park, Carabetta and Rochette respectively for intentional infliction of emotional distress. Finally, in counts six, twelve and seventeen, the plaintiff asserts causes of action against Village Park, Carabetta and Rochette, respectively, for negligent infliction of emotional distress.
On June 28, 2001, the defendants filed a motion to strike counts one, two, three, five, six, seven, eight, eleven, twelve, thirteen, fourteen, sixteen and seventeen.[1] The plaintiff filed an objection to the motion to strike on October 5, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 17136709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr. P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
As to counts one, seven and thirteen, the defendants contend that the plaintiff has failed to sufficiently plead a claim for illegal entry and detainer under § 47-43 (a) because the plaintiff failed to allege detainer by force. Section 47a-43 (a) provides: "When any person (1) makes forcible entry onto any land, tenement or dwelling unit with a strong hand detains the same or (2) having made a peaceable entry, without the consent of the actual possessor, holds and detains the same with force and strong hand or (3) enters into any land tenement or dwelling unit and causes damage to the premises or damage to or removal of or detention of the personal property of the possessor, or (4) when the party put out of possession would be required to cause damage to the premises or commit a breach of the peace in order to regain possession, the party thus ejected, held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."[2] The plaintiff alleges that the defendants engaged in all four types of conduct prohibited by the statute.
To prevail in a claim under § 47(a)-43(a)(1) and (2), the plaintiff must show that the defendant entered the property or detained it with "what is called a strong hand — as with an unusual number of people, with weapons, with menaces, — or accompanied with some circumstances of actual violence calculated to intimidate the plaintiff, and deter him from asserting or maintaining his rights." (Internal quotation marks omitted.) Hartford Realization Co. v. Travelers Ins.Co., 117 Conn. 218, 225-26, 167 A.2d 728 (1933). Because the plaintiff must show that the defendant used force, it is clear that an allegation that the defendant merely locked the plaintiff out of his apartment is insufficient to constitute forcible detainer. Ruotolo v. Iovene, Superior CT Page 17137 Court, judicial district of New Haven at New Haven, Housing Session, Docket No. 101109 (May 17, 1985, Barnett, J.).
In this case, the plaintiff alleges that the defendants used strong arm tactics in demanding that he vacate the premises, threatening to have him arrested if he returned and changing the locks. While such conduct may not be sufficient to support claims under § 47a-43 (a)(1) and (2), the plaintiff also alleges that the defendants violated subsections (3) and (4), in that their entry resulted in damage to, removal of and detention of his personal property and he could not regain possession of his unit without damaging the premises. The plain language of subsections (3) and (4) does not require that the plaintiff allege that the defendants engaged in strong arm tactics. Moreover, the Supreme Court has held that a finding of force is not required under subsection (4). SeeBourque v. Morris, 190 Conn. 364, 367, 460 A.2d 1251 (1983). Therefore, the plaintiff's allegations are sufficient to support claims against the defendants under § 47a-43 (a)(3) and (4). Because it is improper to strike a single paragraph of a complaint; See SNET v. Pagano, Superior Court, judicial district of New Haven at New Haven, Docket No. 409079 (December 24, 1998, Zoarski, J.) and Dickey v. Collins, Superior Court, judicial district of New Haven at New Haven, Docket No. 373030 (December 26, 1995, Zoarski, J.); and because the plaintiff has adequately pleaded claims under § 47a-43 (a)(3) and (4). The defendants' motion to strike counts one, seven and thirteen is denied.
In counts two, eight and fourteen the plaintiff claims that he is entitled to double damages under § 47a-46 because the defendants' action of entry and detainer were willful, wanton and/or reckless. As to these counts, the defendants contend that the plaintiff has fails to sufficiently plead a claim for such damages because he fails to allege that the defendants engaged in detainer by force.
Section 47a-46 provides: "The party aggrieved may recover in a civil action double damages and his costs against the defendant, if it is found on the trial of a complaint brought under section 47a-43 that he entered into the land, tenement or dwelling unit by force or after entry held the same by force or otherwise injured the party aggrieved in the manner described in section 47a-43." (Emphasis added.) The plain language of the statute does not require the plaintiff to allege that the defendants' entry was accomplished by force and our Supreme Court has awarded punitive damages against defendants who violated § 47a-43 (a)(3). SeeFreeman v. Alamo, 221 Conn. 674, 684, 607 A.2d 370 (1992). As discussed above, plaintiff adequately alleges a cause of action under § 47a-43, and therefore, is entitled to request double damages under § 47a-46. The defendants' motion to strike two, eight and fourteen is denied. CT Page 17138
As to counts five, eleven and sixteen, the defendants contend that the plaintiff fails to sufficiently plead claims of intentional infliction of emotional distress because he fails to allege conduct by the defendants that was extreme or outrageous and fails to allege that he suffered the required level of emotional distress.
The legal standard for intentional infliction of emotional distress is well settled, and was repeated by the Connecticut Supreme Court inAppleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059
(2000), wherein the court stated: "In order for the plaintiff to prevail for a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew of should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)
As to the second element, "[w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted, internal quotation marks omitted.) Id., 210-211.
"The mere act of firing an employee, even if wrongfully motivated, does not [rise to the level of extreme and outrageous behavior]." (Internal quotation marks omitted.) Muniz v. Kravis, 59 Conn. App. 704, 710,757 A.2d 1207 (2000). Muniz v. Kravis involved facts somewhat similar to those presented by the plaintiff here. In that case, the defendant sent an armed security guard to notify the plaintiff that his employment was terminated and he had twenty-four hours to leave his apartment, which was owned by the defendant. The court noted that "[B]ecause the occupation of the apartment was incidental to the employment and was presumably arranged because it was convenient for the purposes of employment, it is difficult to separate the termination of the employment from the CT Page 17139 termination of the occupancy." Id., 710-11. The court also noted that the plaintiff did not allege that the guard threatened him or acted in a derogatory or demeaning manner toward him, and concluded that his allegations were insufficient to support a claim for intentional infliction of emotional distress. Id., 711. This case, however, is distinguishable because here, in addition to alleging that the defendants demanded that he vacate his apartment within twenty four hours, the plaintiff also alleges that the defendants entered the apartment without his consent, threatened him with arrest, changed the locks and took possession of his furniture, clothing, and personal possessions. Reasonable minds could disagree as to whether this conduct is sufficiently outrageous to support a claim of intentional infliction of emotional distress. Therefore, the defendants' motion to strike counts five, eleven and sixteen cannot be granted on this basis.
As to the fourth element, the defendants are correct that in counts five, eleven and fourteen, the plaintiff fails to allege that the defendants' conduct caused him to suffer severe emotional distress. Although the plaintiff does make such allegations elsewhere in the complaint, he did not incorporate those allegations into counts five, eleven and fourteen. Therefore, the defendants' motion to strike counts five, eleven and sixteen is granted on this basis.
The defendants argue that, as to counts six, twelve and seventeen, the plaintiff fails to plead a claim of negligent infliction of emotional distress because he fails to allege conduct by the defendants that is sufficient to support such a claim. "In order to prevail on this claim, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Pavliscak v. BridgeportHospital, 48 Conn. App. 580, 597, 711 A.2d 747 (1998), cert. denied,245 Conn. 911, 718 A.2d 17 (1998). "The elements of negligent and intentional infliction of emotional distress differ as to the state of mind of the actor and not to the conduct claimed to be extreme and outrageous." Muniz v. Kravis, supra, 709. "Negligent infliction of emotional distress in the employment context arises only where it based upon the unreasonable conduct of the defendant in the termination process." Parsons v. United Technologies Corp., 243 Conn. 66, 88-89,700 A.2d 655 (1997).
In the present case, the plaintiff alleges that the defendants were negligent in their conduct in that they knew or should have known that they created an unreasonable risk causing emotional distress, which, if occurred, might result in illness or bodily harm. As explained above, reasonable minds could disagree as to whether the defendants' conduct is CT Page 17140 extreme and outrageous.[3] Therefore, the defendants' motion to strike counts six, twelve and seventeen is denied.
As to counts one, two, three, six, eight, twelve, thirteen, fourteen and seventeen, the motion to strike is denied. As to counts five, eleven and sixteen, the motion to strike is granted.
Howard F. Zoarski Judge Trial Referee